# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0089, <u>Estate of Thomas E. Neily, Sr. v. Town of Canaan</u>, the court on October 26, 2021, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, the Estate of Thomas E. Neily, Sr., appeals an order of the Superior Court (<u>Bornstein</u>, J.) granting summary judgment in favor of the defendant, the Town of Canaan, with respect to the estate's petition to quiet title to three parcels of land that the Town had acquired by tax deed for nonpayment of taxes. We affirm.

The properties at issue are located at 16 Depot Street in Canaan. Prior to his death in September 2007, Thomas E. Neily, Sr. was the sole owner of the properties. His will — which was proved and allowed by the probate court in January 2008 — devised the properties to Linda Ware and Richard Watkins, Jr., as follows:

> To Linda Ware and Richard Watkins, Jr., I give and devise the land associated with the Canaan Cash Market, including all land and buildings I own on the westerly side of Depot Street, including property acquired from Northern Railroad and land behind the store acquired from John Dow, subject however to the condition that if my wife, Priscilla E. Neily, survives me, Linda Ware and Richard Watkins, Jr., shall pay Priscilla E. Neily $1,500.00 per month until she dies or until January 1, 2022, whichever occurs first.

In or about October 2007, Priscilla Neily gave written notice to the Town, which she also filed in the probate court, of the devise to Ware and Watkins. <u>See</u> RSA 554:18-a (2019). Although the probate court returned the notice to Priscilla Neily in or about November 2007, the Town was not notified of that fact prior to this litigation. Based upon the notice, the Town began sending biannual property tax bills to Ware, Watkins, and, subsequently, to Watkins' purported grantee, Regina Jacobson. From 2007 through 2010, the Town received timely tax payments. However, beginning in 2011, the taxes were no longer being paid, and, in 2014, the Town acquired the properties by tax deed pursuant to RSA chapter 80.

In or about December 2017, the estate, which had never been fully administered, filed a petition to quiet title to the properties. Primarily, the estate

argued that, because title to the properties had never passed to Ware and Watkins pursuant to the will, title remained with the estate, and, therefore, because the estate was not given notice pursuant to RSA chapter 80 of the impending tax liens and deeds, the Town's tax deeds were invalid. The parties filed cross-motions for summary judgment, and, in an order issued in January 2021, the trial court granted summary judgment in favor of the Town. The trial court found, among other things, that, under well-established New Hampshire law,

> title to the Subject Property passed to Ware and Watkins upon the Testator's death. The undisputed material facts establish that the Testator's estate was not insolvent and had no debts and that the devisees' title was not subject to defeasance. They further show that the Testator's will was proved and allowed, or probated, on January 22, 2008. Consequently, it was effective to pass title to the devisees.

See, e.g., 7 Charles A. DeGrandpre, New Hampshire Practice: Wills, Trusts and Gifts § 16.20, at 220 (4th ed. 2003) (observing that "[i]t is a well-established common law rule in New Hampshire that title to real estate is vested in the heirs or devisees immediately upon death of the owner, subject to the necessities of administration such as the payment of debts, and no further action is required to perfect title in the heirs or devisees" (quotation omitted)). Further, the trial court found that "[n]either the widow's failure to complete administration of her husband's estate nor the return to her of the Notice to Towns and Cities [under RSA 554:18-a] vitiates to any degree the passage of title to the Subject Property to the devisees." The trial court explained that "[t]he Notice to Towns and Cities does not operate, like a deed, to transfer title to the devisees," but rather, "[i]t simply notifies municipalities" of the transfer. See RSA 554:18-a. The trial court denied the estate's motion for reconsideration, and this appeal followed.

On appeal, the estate advances several arguments challenging the trial court's decision. "In reviewing a trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the non-moving party," and, "if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Langevin v. Travco Ins. Co., 170 N.H. 660, 663 (2018). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id. "We review the trial court's application of the law to the facts de novo." Id.

As the appealing party, the estate has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the estate's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the estate has not demonstrated reversible error. See id.

In addition, we note that the estate argues that the trial court erred when it found: (1) that the devise to Ware and Watkins was not subject to defeasance based on the condition that they pay a monthly stipend to Priscilla Neily; and (2) that, even if the devise was subject to defeasance based on that condition, there was no admissible evidence tending to show that the condition had been breached — in other words, that there was no admissible evidence tending to show that Priscilla Neily had not received all of the specified payments during her lifetime. Even if we were to agree with the estate that the trial court's findings were in error, we would nevertheless reach the same result.

Assuming, without deciding, that the devise to Ware and Watkins was subject to defeasance based on the condition, the parties agree that any resulting future interest in the properties would have been held by Priscilla Neily, not by the estate. Indeed, the estate observes that "[n]either Priscilla, Ware or Watkins appear to have regarded Mr. Neily's will as creating a condition subsequent," and that "[i]t doesn't appear that Mr. Neily wanted 'to hold a string' that he could use to pull back the title to the subject real estate in the event [of] a breach of the condition." See Red Hill Outing Club v. Hammond, 143 N.H. 284, 287 (1998) (stating that "[a] fee simple subject to condition subsequent is a conveyance of land in which the grantor expressly retains the right of re-entry upon breach of a stated condition, the exercise of which results in a forfeiture of estate for the grantee," and observing that we view such conditions with disfavor because of their potential to cause a forfeiture of land (emphasis added)). Rather, the estate contends that Thomas Neily intended for "Priscilla to have a power of sale mortgage/the right of re-entry if the condition(s) in his will were broken." (Emphasis added.)

Accordingly, because the estate does not represent the interests of Priscilla Neily — who, the trial court found, was aware of her rights under the will yet never asserted a breach of the condition prior to her death in 2010 — the estate lacks standing to challenge the validity of the Town's tax deeds by asserting Priscilla Neily's rights. See Duncan v. State, 166 N.H. 630, 642-43 (2014) (observing that, generally, standing "requires parties to have personal legal or equitable rights that are adverse to one another, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress" (citations omitted)).

To the extent that the Town requests an award of attorneys' fees with respect to this appeal, its request is denied. See Sup. Ct. R. 23. To the extent that the Town requests an award of costs incurred with respect to this appeal, its

request is denied without prejudice to its filing a properly-supported motion for same pursuant to Rule 23.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
